| | |
|---|---|
| 1 | JONATHAN D. EVANS (SBN 302887) |
| 2 | evansatlaw@gmail.com<br>THE LAW FIRM OF JONATHAN D. EVANS |
| 3 | 155 N. Lake Avenue, Suite 800 |
| 4 | Pasadena, CA 91101<br>(323) 515-9981 |
| 5 | |
| 6 | Attorneys for Plaintiff HERMAN LAWS |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

HERMAN LAWS, an individual,

      Plaintiff,

vs.

COUNTY OF SAN BERNARDINO, and DOES 1 through 10, inclusive,

      Defendants.

Case No.  5:21-cv-1189

**COMPLAINT FOR DAMAGES**

1. Violations of Civil Rights (42 U.S.C. §1983) (Based on Unreasonable Use of Force)

2. Violations of Civil Rights (42·U.S.C. §1983) (Based on Unconstitutional Policy, Practice, or Custom)

**DEMAND FOR JURY TRIAL**



Complaint for Damages

## JURISDICTION & VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1367(a).

2. Venue is proper in the Central District of California under 28 U.S.C. §1391(a)-(b).

## PARTIES

3. Plaintiff HERMAN LAWS (hereinafter referred to as "Plaintiff' or "Plaintiff LAWS") is and at the time of the incident, on July 17, 2019, was a resident of the County of San Bernardino, State of California.

4. Defendant COUNTY OF SAN BERNARDINO (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed, believes, and thereon alleges that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, said DOE Officers were police officers employed by the Defendant COUNTY and the Ontario Police Department, and were acting under color of law and within the course and scope of their employment with the Defendant COUNTY and the Ontario Police Department.

6. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon



Complaint for Damages

alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

7. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

8. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

9. This Complaint concerns an incident which occurred on July 30, 2019, at or around 16395 Cabrillo Drive in the County of San Bernardino and State of California. On that date, Plaintiff, who is hard of hearing, and has pre-existing injuries to his back, neck and legs, was preparing his house for a new foster child who was going to be moving in. Mr. Laws was lawfully changing light fixtures and painting the floor of his house with his wife, in preparation for the new foster child. Mr. Laws is hard of hearing, and regularly speaks loudly.



Complaint for Damages

THE LAW FIRM OF JONATHAN D. EVANS

10. On the date in question, Mr. Laws was speaking loudly to his wife regarding the paint on the floor when several heretofore unknown Defendant DOE police officers, while acting under color of law and in the course and scope of their employment with the County of San Bernardino and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and unjustifiably detained Mr. Laws without having probable cause or reasonable suspicion to believe that Mr. Laws had committed any crime, or would commit a crime in the future. When the Defendant DOE officers first made contact with Mr. Laws Mr. Laws was standing inside his home, had committed no criminal offense, and was not armed with any kind of weapon.

11. The DOE officers came to Mr. Laws' front door, and asked if they could come in. Mr. Laws asked why they were there. The DOE officers gave no answer, and pushed their way in to Mr. Laws' house. Once inside, the DOE officers physically forced Mr. Laws against the wall. Mr. Laws continued to ask why the DOE officers were there. Eventually, Mr. Laws heard one of them say that they were there in response to a domestic disturbance.

12. The DOE officers did not look for Mr. Laws' wife, or call to her to come to them. If they had done so, they would have seen that Mr. Laws did not harm his wife. Therefore, the Defendant DOE officers detained Mr. Laws without having probable cause or reasonable suspicion to believe that Mr. Laws had committed a crime, or would commit a crime in the future, by acts which included, but were not limited to, holding Mr. Laws against the wall and telling him to shut up.

13. One of the DOE officers began choking Mr. Laws. The DOE officers commanded Mr. Laws to put his hands behind his back, and began beating Mr. Laws in the face. One of the DOE officers hit Mr. Laws in the eye. An officer forced Mr. Laws to the floor, where Mr. Laws was handcuffed. The officer who



forced Mr. Laws to the ground placed his knee on Mr. Laws back to hold him down.

14. While being held in this position, Mr. Laws told the officer that he was having trouble breathing. The DOE officers ordered Mr. Laws to his feet and shoved him into the back of a squad car, which was too small to comfortably accommodate Mr. Laws' frame. Being forced to sit in these cramped quarters exacerbated Mr. Laws' injuries to his back, neck and legs. The DOE officers drove Mr. Laws to an emergency room, where Mr. Laws was treated for his injuries. Upon arriving at the emergency room, one of the DOE officers told Mr. Laws to move forward.

15. Because Mr. Laws was experiencing excruciating pain in his legs, he shifted his weight to take pressure off of his legs. After Mr. Laws shifted his weight, an officer pushed Mr. Laws back into the squad car. As he did so, the officer loudly threatened to punch Mr. Laws in the face if he attempted to stand up. The officer made this threat in the presence of the medical staff. When Mr. Laws moved to try to alleviate some of the pain in his back, one of the DOE officers grabbed Mr. Laws' head and twisted his head to the side.

16. Without warning, the Defendant DOE police officers unjustifiably assaulted and battered Plaintiff by acts which included, but were not limited to, punching Mr. Laws in the face, punching Mr. Laws in the left eye, forcing Mr. Laws to the floor, hindering Mr. Laws' breathing, twisting Mr. Laws neck, through tactics which include, but are not limited to, excessive and improper application of handcuffs to Mr. Laws. Throughout the time in which he was assaulted and battered by the Defendant DOE officers, Mr. Laws had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not

undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

17.  Plaintiff suffered severe injuries as a direct and proximate result of the assault and battery committed upon his person by the Defendant DOE police officers, including, but not limited to, severe injuries to Mr. Laws' left eye.  Mr. Laws initially suffered from blurred vision, and dark spots in his left eye as a result of the trauma inflicted by the DOE officers.  Now, he can no longer see out of his left eye at all. In addition, Mr. Laws suffered injuries to his back, neck, and legs.  The injuries to his neck, back, and legs are so severe, Mr. Laws cannot walk, stand or sit without pain medication.

18.  At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to the Defendant DOE police officers who assaulted and battered him, nor did he do anything to justify the force used against him, and the Defendant DOE officers' use of force was excessive, unnecessary, and unlawful.  Both prior to and during the time in which he was unlawfully detained, seized, and brutally assaulted and battered, Mr. Laws was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual.  Both prior to and during the time in which he was unlawfully detained, seized, and assaulted and battered, Mr. Laws had committed no criminal offense, was not resisting arrest or obstructing the Defendant DOE officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual.  Both prior to and during the time in which he was unlawfully detained, seized, and assaulted and battered, Mr. Laws undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which

would suggest to a reasonable police officer that he was armed with a weapon, or had the will, or the ability to inflict bodily harm against any individual.

19. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff HERMAN LAWS Against the Heretofore Unknown Defendant DOE Officers for Violations of Civil Rights [42 U.S.C. § 1983))**

**(Based on Unreasonable Use of Force)**

20. Plaintiff is informed, believes, and thereupon alleges, that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including the Defendant DOE Officers. Said Defendant COUNTY provided its individual Defendant employees and agents, including the DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the COUNTY and the Ontario Police Department.

21. Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Officers were employed by the Defendant COUNTY and the Ontario Police Department, and were acting under color of law and in the course and scope of their employment with the COUNTY and the Ontario Police Department.

22. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested or detained.

23. DOE OFFICERS used excessive force when they arrested HERMAN LAWS. DOE OFFICERS, and each of them, intentionally committed certain acts,



Complaint for Damages

including, but not limited to, forcing Laws against the wall, choking him, punching him repeatedly in the face, twisting his head from side to side, causing pain to his neck, and applying handcuffs with excessive restriction to Mr. Laws's wrists.

24. These acts violated LAWS's Fourth Amendment right not to be subjected to excessive force. The amount of force DOE OFFICERS used exceeded the amount which a reasonable officer would have used in making the arrest under similar circumstances.

25. At no time during the course of these events did Plaintiff LAWS pose any reasonable or credible threat of violence to the Defendant DOE Officers who assaulted and battered him, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, Plaintiff was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, Plaintiff had committed no criminal offense, was not resisting arrest or obstructing the DOE Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, Plaintiff undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.



Complaint for Damages

## FOR THE SECOND CAUSE OF ACTION

### (By Plaintiff HERMAN LAWS Against Defendant COUNTY OF SAN BERNARDINO for Violations of Civil Rights [42 U.S.C. § 1983])

### (Based on an Unconstitutional Policy, Practice, or Custom)

26. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

27. HERMAN LAWS was deprived of his civil rights as a result of an official policy, practice, and/or custom of Defendant COUNTY OF SAN BERNARDINO.

28. COUNTY OF SAN BERNARDINO had an official policy, practice, and/or custom of using militarized police vehicles, assault weapons, and police dogs to respond to non-violent situations like those including the incident involving LAWS.

29. DOE OFFICERS were officers and/or employees of COUNTY OF SAN BERNARDINO. When the DOE officers first made contact with Mr. Laws Mr. Laws was standing inside his home, had committed no criminal offense, and was not armed with any kind of weapon The officers came to Mr. Laws' front door, and asked if they could come in. Mr. Laws asked why they were there. The officers gave no answer, and pushed their way in to Mr. Laws' house. Once inside, the officers physically forced Mr. Laws against the wall. Mr. Laws continued to ask why the officers were there. Eventually, Mr. Laws heard one of them say that they were there in response to a domestic disturbance. The officers did not look for Mr. Laws' wife, or call to her to come to them. If they had done so, they would have seen that Mr. Laws did not harm his wife. Therefore, the DOE officers detained Mr. Laws without having probable cause or reasonable suspicion to

believe that Mr. Laws had committed a crime, or would commit a crime in the future.

30. The DOE officers who held Mr. Laws against the wall told him to shut up. One of the DOE officers began choking Mr. Laws. The DOE officers commanded Mr. Laws to put his hands behind his back, and began beating Mr. Laws in the face. One of the DOE officers hit Mr. Laws in the eye. An officer forced Mr. Laws to the floor, where Mr. Laws was handcuffed. The officer who forced Mr. Laws to the ground placed his knee on Mr. Laws back to hold him down. While being held in this position, Mr. Laws told the officer that he was having trouble breathing. The DOE officers ordered Mr. Laws to his feet and shoved him into the back of a squad car, which was too small to comfortably accommodate Mr. Laws' frame. Being forced to sit in these cramped quarters exacerbated Mr. Laws' injuries to his back, neck and legs. The DOE officers drove Mr. Laws to an emergency room, where Mr. Laws was treated for his injuries. Upon arriving at the emergency room, one of the DOE officers told Mr. Laws to move forward. Because Mr. Laws was experiencing excruciating pain in his legs, he shifted his weight to take pressure off of his legs. After Mr. Laws shifted his weight, an officer pushed Mr. Laws back into the squad car. As he did so, the officer loudly threatened to punch Mr. Laws in the face if he attempted to stand up. The officer made this threat in the presence of the medical staff. While in the emergency room, one of the DOE officers asked Mr. Laws if he would like him to loosen his handcuffs. When Mr. Laws moved to try to alleviate some of the pain in his back, one of the DOE officers grabbed Mr. Laws' head and twisted his head to the side.

31. Without warning, the Defendant DOE police officers unjustifiably assaulted and battered Plaintiff by acts which included, but were not limited to, punching Mr. Laws in the face, punching Mr. Laws in the left eye, forcing Mr.

Laws to the floor, hindering Mr. Laws' breathing, twisting Mr. Laws neck, through tactics which include, but are not limited to, excessive and improper application of handcuffs to Mr. Laws. Throughout the time in which he was assaulted and battered by the Defendant DOE officers, Mr. Laws had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

32. At no time during the course of these events did Plaintiff LAWS pose any reasonable or credible threat of violence to the Defendant DOE Officers who assaulted and battered him, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, Plaintiff was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, Plaintiff had committed no criminal offense, was not resisting arrest or obstructing the DOE Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, Plaintiff undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon,



Complaint for Damages

1 or had the will, or the ability to inflict bodily harm against any individual.

2 33. DOE OFFICERS' conduct violated LAWS's right to be free from excessive force, under the Fourth and Fourteenth Amendments of the U.S Constitution.

34. DOE OFFICERS acted because of the COUNTY's unconstitutional policies, practices, and customs which include, but are not limited to: (1) unjustifiably stopping and detaining innocent civilians without having probable cause or reasonable suspicion to believe that any crime has been committed, or will be committed in the future; (2) unjustifiably using excessive physical force against unarmed and non-dangerous civilians who are not resisting arrest or obstructing the officers in the performance of their duties; (3) inadequately training and supervising patrol officers with respect to the reasonable and proper police procedures for the stopping and detention of civilian citizens; (4) inadequately training and supervising patrol officers with respect to the reasonable and proper use of force; (5) inadequately training and supervising patrol officers with respect to the reasonable and proper deployment of non-lethal force; (6) inadequately training and supervising patrol officers with respect to the reasonable and proper techniques for the implementation and deployment of the beanbag shotgun; (7) inadequately training and supervising patrol officers with respect to reasonable and proper techniques for the use of batons and restraint devices; (8) inadequately training and supervising patrol officers with respect to reasonable and proper handcuffing techniques; and (9) inadequately training and supervising patrol officers with respect to defensive tactics.

///

///

///



Complaint for Damages

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff LAWS hereby demands that a jury be empaneled for the trial of this matter.

**THE LAW FIRM OF JONATHAN D. EVANS**

Dated: July 16, 2021

/s/Jonathan D. Evans
Jonathan D. Evans
Attorneys for Plaintiff HERMAN LAWS



Complaint for Damages